**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

WAHL CLIPPER CORPORATION,

              Plaintiff,

v.

STYLECRAFT, LLC and GAMMA+ NA, LLC,

              Defendants.

Court No:   3:25-cv-50406

Hon. Judge Rebecca R. Pallmeyer
Hon. Magistrate Judge Michael F.
      Iasparro

## <u>AGREED CONFIDENTIALITY ORDER</u>

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party.

    a. Documents may be designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" if they are not otherwise public and fall within one or more of the following categories: (a) information prohibited from disclosure by statute or by contract; (b) information that reveals trade secrets; (c) commercially sensitive research, technical, commercial or financial information; (d) personal identity information; or (e)

1

personnel or employment records of a person who is not a party to the case. Additionally, documents may be designated "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" if they otherwise qualify for protection under Federal Rule of Civil Procedure 26(c). Information or documents that are readily available through an internet search may not be designated as Confidential Information.

b. Documents may be designated as "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" if the designating party reasonably believes its contents to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual business, commercial, financial, competitive, or other market advantage over others; and (iii) its disclosure to existing or potential business competitors or customers would cause injury to the business, commercial, competitive, or financial interests of the producing party or non-party. Additionally, documents may be designated as "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" if they contain extremely sensitive Confidential Information, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. For example only, documents designated "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" may include (but only to the extent the above-described criteria apply) but are not limited to: (a) current or future business strategies and other strategic planning information; (b) projections or plans regarding performance, budgets, production, output, sales, marketing, or distribution practices; (c) research and development information; (d) information that reveals trade secrets; (e) manufacturing know-how or technology; (f) board of directors materials and presentations; (g) customer information including lists;

2

(h) margin, cost, and pricing information; or (i) intellectual property. As set forth more fully below in Section 5, Confidential Information designated as "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" subjects the documents to more restricted access than Confidential Information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." In particular, and without limitation, Confidential Information designated "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall not be disclosed or permitted to be disclosed to the receiving party or its in-house counsel.

3.    **Designation.**

a.    A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies

3

that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

b.      The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this Order.

4.      **Depositions.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" until the fourteenth day after the transcript is delivered to the designating party. Within this time period, the designating party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER", and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

5.      **Protection of Confidential Information.**

a.      General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in

subparagraphs (b) or (c) for any purpose whatsoever other than in this litigation, including any appeal thereof.

b. Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to any third person or entity except as follows:

i. Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

ii. Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

iii. The Court and its personnel;

iv. Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

v. Contractors. Those persons specifically engaged for the limited purpose of assisting counsel in connection with this action, including outside vendors hired for litigation support services;

vi. Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

vii. Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary but only after such persons have completed the certification contained in Attachment A. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, which shall be destroyed or returned to counsel at the conclusion of the review.

viii. Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation);

ix. Any mediator and/or arbitrator appointed in this case after such persons have completed the certification contained in Attachment A; and

x. Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

c.     Restricted "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" Access. Confidential Information designated "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall not be disclosed or permitted to be disclosed to the receiving party or its in-house counsel.  Specifically, outside counsel for the parties shall not disclose or permit the disclosure of any Confidential Information designated as "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to

6

any third person or entity except as follows:

    i. Outside Counsel. Outside counsel of record for the parties and employees of outside counsel of record who have responsibility for the action;

    ii. The Court and its personnel;

    iii. Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

    iv. Contractors. Those persons specifically engaged for the limited purpose of assisting counsel in connection with this action, including outside vendors hired for litigation support services;

    v. Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    vi. Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

    vii. Any mediator and/or arbitrator appointed in this case after such persons have completed the certification contained in Attachment A.

    d.     Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their

obligations under this Order for a period of three years after the termination of the case.

6. **Inadvertent Failure to Designate.** An inadvertent failure to properly designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information or changes the designation after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material prior to receipt of the notification, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

8. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

    a.     Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring

directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

b.      Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10.     **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.     **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information.

The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.    **Third Party Discovery.** Any party, in conducting discovery from third parties, shall provide any third party from whom it seeks discovery with a copy of this Order, so as to inform each such third party of its rights herein. If a third party provides discovery to any party in connection with this action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a party. Under such circumstances, the third party shall have the same rights and obligations under this Order as held by the parties to this action; however, a third party's use of this Order does not entitle that third party access to any Confidential Information produced by any party or any other third party in this case.

13.    **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

a.    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b.    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

c.      The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

14.     **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

15.     **Obligations on Conclusion of Litigation.**

a.      Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b.      Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered

into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return and provide written certification of same; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

c. Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

d. Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

16. **Advice of Counsel.** Nothing in this Order shall bar or otherwise restrict any outside counsel of record for the parties from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Confidential Information, provided that no disclosure of the details of any such Material shall be made except to persons permitted access to Confidential Information as provided in Order.

17. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing

concerning the subject matter.

18. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

      SO ORDERED.

Dated:   5/27/2026

                                Hon. Rebecca R. Pallmeyer
                                U.S. District Judge

| WE SO MOVE<br>and agree to abide by the<br>terms of this Order | WE SO MOVE<br>and agree to abide by the<br>terms of this Order |
|---|---|
| LOEB & LOEB LLP | SEYFARTH SHAW LLP |
| By:_____<br>Thomas P. Jirgal<br>321 N. Clark Street, Suite 2300<br>Chicago, IL 60654<br>312.464.3100<br>tjirgal@loeb.com<br><br>Sarah Levitan Perry (admitted *pro hac vice*) | By:_____<br>Joseph Orzano (admitted *pro hac vice*)<br>Allen M. Thigpen (admitted *pro hac vice*)<br>Seaport East Two Seaport Lane, Suite 1200<br>Boston, MA 02210<br>617.946.4800<br>jorzano@seyfarth.com<br>athigpen@seyfarth.com |

345 Park Avenue
New York, NY  10128
212.407.4000
sperry@loeb.com

*Attorneys for Plaintiff*

Paul J. Yanovic Jr.
233 South Wacker Drive Suite 8000
Chicago, IL 60606
312.460.5000
Pyanovic@seyfarth.com

*Attorneys for Defendants*

## <u>ATTACHMENT A</u>

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| WAHL CLIPPER CORPORATION, <br><br>        Plaintiff, <br><br> v. <br><br> STYLECRAFT, LLC and GAMMA+ NA, LLC, <br><br>        Defendants. | Court No:   3:25-cv-50406 <br><br> Hon. Judge Rebecca R. Pallmeyer <br> Hon. Magistrate Judge Michael F. <br>     Iasparro |

### <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated_____in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____     _____

Signature